IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JASON BOOTH, derivatively on behalf of 3D SYSTEMS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ABRAHAM N. REICHENTAL, DAMON J. GREGOIRE, CHARLES W. HULL, DANIEL S. VAN RIPER, G. WALTER LOEWENBAUM, II, JIM D. KEVER, KAREN E. WELKE, KEVIN S. MOORE, PETER H. DIAMANDIS, WILLIAM D. HUMES and WILLIAM E. CURRAN,<br><br>Defendants,<br><br>and<br><br>3D SYSTEMS CORPORATION,<br><br>Nominal Defendant | C.A. No. 15-692-RGA |

## [PROPOSED] ORDER

Upon consideration of the *Stipulation and Joint Motion For Stay of Litigation and Related Matters*, it is HEREBY ORDERED as follows:

1. All proceedings and deadlines in the above-styled action (the "Federal Derivative Action") are hereby stayed pending the earlier of (i) the close of discovery in the shareholder securities class actions pending in the United States District Court for the District of South Carolina styled (i) *City of Bristol Pension Fund v. 3D Systems Corporation, et al.*, No. 0:15-cv-02393-MGL; (ii) *Romano v. 3D Systems Corporation, et al.*, No. 0:15-cv-02518-MGL; and (iii) *Pruitt v. 3D Systems Corporation, et al.*, No. 0:15-cv-03138-MGL (the "Related Securities Class

1

Actions"), or (ii) the deadline for appealing a dismissal of the Related Securities Class Actions, including any requirement that Defendants move, answer, or otherwise respond to the Complaint [D.I. 1]. All defenses and objections to the Federal Derivative Action that Defendants may have, including, among others, the failure of the Derivative Plaintiff to make a pre-suit demand on 3D's Board of Directors (the "Board"), are expressly preserved. Additionally, any challenges to Derivative Plaintiff's allegations that demand on the Board is or was futile will be determined based on the composition of the Board as of the time of the filing of the Complaint.

2. Within thirty (30) days after either the close of discovery in the Related Securities Class Actions, or the deadline for appealing a dismissal of the Related Securities Class Actions with prejudice (whichever occurs first), the parties in the Federal Derivative Action shall meet and confer regarding future case scheduling and will submit an update on the status of the case or a proposed scheduling stipulation for this Court's review and approval.

3. If discovery proceeds in the Related Securities Actions, Defendants shall make available to Derivative Plaintiff, subject to entry of an appropriate protective order: (i) copies of all documents and written responses to discovery requests produced to the Related Securities Actions plaintiffs in the form and manner in which such documents are produced to the Related Securities Actions plaintiffs; (ii) all written agreements regarding the scope of discovery to be produced by Defendants in the Related Securities Actions; and (iii) all deposition transcripts in the Related Securities Actions. This Stipulation is intended to facilitate coordination and to avoid, to the extent practicable, duplicative discovery. Defendants will provide the materials set

forth in this paragraph to Derivative Plaintiff within thirty (30) days of providing them to the Related Securities Actions plaintiffs in the case of (i) and (ii) and within thirty (30) days of receiving the final transcript in the case of (iii).

4. Notwithstanding the stipulated stay, Derivative Plaintiff shall be permitted to file an amended complaint during the pendency of the stay. Defendants shall be under no obligation to respond to any complaint while the stay is in effect. Defendants shall not be obligated to respond to the complaints filed in the Federal Derivative Action until a scheduling stipulation has been entered by the Court pursuant to paragraph 10 above after the stay has been lifted. Defendants have reserved all of their defenses to the claims asserted by Plaintiff, and the stay shall not be, and shall not be deemed, a waiver of any of Defendants' defenses.

5. Subject to applicable federal or local rules, any party shall have the right to move this Court to lift the stay of the Federal Derivative Action so long as such party provides at least thirty (30) days' written notice to the other parties prior to filing such a motion.

*Richard G. Andrews*
HON. RICHARD G. ANDREWS
9/28/15