IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JASON BOOTH, derivatively on behalf of 3D SYSTEMS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ABRAHAM N. REICHENTAL, DAMON J. GREGOIRE, CHARLES W. HULL, TED HULL, DANIEL S. VAN RIPER, G. WALTER LOEWENBAUM, II, JIM D. KEVER, KAREN E. WELKE, KEVIN S. MOORE, PETER H. DIAMANDIS, WILLIAM D. HUMES, and WILLIAM E. CURRAN,<br><br>Defendants,<br><br>and<br><br>3D SYSTEMS CORPORATION,<br><br>Nominal Defendant. | Case No. 1:15-cv-00692-RGA |

## STIPULATION AND [PROPOSED] ORDER OF DISMISSAL

WHEREAS, on December 19, 2019, the United States District Court for the District of South Carolina entered its Final Order and Judgment in the action styled *In Re 3D Systems Corporation Derivative Litigation*, Lead Case No. 0:15-cv-03756-MGL, a true copy of which is attached hereto as Exhibit A, dismissing with prejudice all claims arising out of the same facts and circumstances alleged in the above-captioned action (the "Action");

NOW THEREFORE, pursuant to Federal Rule of Civil Procedure 41(a) and subject to the approval of the Court, the parties hereby stipulate to the dismissal of the Action with prejudice on the grounds of *res judicata* and estoppel by judgment, with each party to bear its own costs.

| | |
|---|---|
| Dated: January 24, 2020 | **RIGRODSKY & LONG, P.A.** |
| | By: /s/ Brian D. Long |
| | Brian D. Long (#4347) |
| **OF COUNSEL:** | 300 Delaware Avenue, Suite 1220 |
| | Wilmington, DE 19801 |
| **PROMISLOFF LAW, P.C.** | Phone: (302) 295-5310 |
| David M. Promisloff | Fax: (302) 654-7530 |
| 5 Great Valley Parkway, Suite 210 | bdl@rl-legal.com |
| Malvern, PA 19355 | |
| Phone: (215) 259-5156 | *Attorneys for Plaintiff* |
| Fax: (215) 600-2642 | |

**LAW OFFICE OF
ALFRED G. YATES, JR., P.C.**
Alfred G. Yates, Jr.
Gerald L. Rutledge
300 Mt. Lebanon Boulevard, Suite 206-B
Pittsburgh, PA 15234-1507
Phone: (412) 391-5164
Fax: (412) 471-1033

|  |  |
|---|---|
| | **RICHARDS, LAYTON & FINGER, P.A.** |
| | By: /s/ Samuel A. Nolen |
| **OF COUNSEL:** | Samuel A. Nolen (#971) |
| | One Rodney Square |
| John A. Jordak, Jr. | 920 North King Street |
| Elizabeth Gingold Clark | Wilmington, DE 19801 |
| Courtney E. Quirós | Phone: (302) 651-7700 |
| ALSTON & BIRD | nolen@rlf.com |
| 1201 West Peachtree Street | |
| Atlanta, GA 30309-3424 | *Attorneys for Defendants* |
| Phone: 404-881-7000 | |

SO ORDERED this ___ Day of January, 2020.

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE

2

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| JAMES NALLY, derivatively on behalf of 3D SYSTEMS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ABRAHAM N. REICHENTAL, DAMON J. GREGOIRE, CHARLES W. HULL, DANIEL S. VAN RIPER, G. WALTER LOEWENBAUM, II, JIM D. KEVER, KAREN E. WELKE, KEVIN S. MOORE, PETER H. DIAMANDIS, WILLIAM D. HUMES, and WILLIAM E. CURRAN,<br><br>Defendants.<br><br>and<br><br>3D SYSTEMS CORPORATION,<br><br>Nominal Defendant. | Civil Action No. 0:15-cv-03756-MGL |
| MARK FOSTER,<br><br>Plaintiff,<br><br>v.<br><br>ABRAHAM REICHENTAL; DAMON GREGOIRE; CHARLES HULL; WILLIAM E. CURRAN; KEVIN S. MOORE; DANIEL VAN RIPER; WALTER G. LOEWENBAUM II; JIM D. KEVER; KAREN WELKE; PETER DIAMANDIS; AND WILLIAM HUMES,<br><br>Defendants.<br><br>and | Civil Action No. 0:16-cv-01016-MGL |

1

| | |
|---|---|
| 3D SYSTEMS CORPORATION, a Delaware corporation, )<br>)<br>)<br>Nominal Defendant. ) | |
| DAVE HOWES, Derivatively on Behalf of )<br>3D SYSTEMS CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ABRAHAM N. REICHENTAL, DAMON )<br>J. GREGOIRE, CHARLES W. HULL, )<br>THEODORE A. HULL, WILLIAM E. )<br>CURRAN, PETER H. DIAMANDIS, )<br>WILLIAM D. HUMES, JIM D. KEVER, )<br>G. WALTER LOEWENBAUM, KEVIN S. )<br>MOORE, DANIEL S. VAN RIPER, and )<br>KAREN E. WELKE, )<br>)<br>Defendants. )<br>)<br>and )<br>)<br>3D SYSTEMS CORPORATION, a )<br>Delaware corporation, )<br>)<br>Nominal Defendant. ) | Civil Action No. 0:16-cv-02810-MGL |
| PHILLIP AMEDURI, Derivatively on )<br>Behalf of 3D SYSTEMS CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ABRAHAM N. REICHENTAL, DAMON )<br>J. GREGOIRE, CHARLES W. HULL, )<br>THEODORE A. HULL, WILLIAM E. )<br>CURRAN, PETER H. DIAMANDIS, )<br>WILLIAM D. HUMES, JIM D. KEVER, )<br>G. WALTER LOEWENBAUM, KEVIN S. )<br>MOORE, DANIEL S. VAN RIPER, and ) | Civil Action No. 0:16-cv-02995-MGL |

2

| | |
|---|---|
| KAREN E. WELKE, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| and | ) |
| | ) |
| 3D SYSTEMS CORPORATION, a Delaware corporation, | ) ) |
| | ) |
| Nominal Defendant. | ) |

## **FINAL ORDER AND JUDGMENT**

On the 19th day of December, 2019, a hearing having been held before this Court pursuant to the Order Preliminarily Approving Settlement dated October 2, 2019 (the "Preliminary Approval Order"), to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated as of September 20, 2019, including all exhibits thereto (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted against the Defendants in the operative complaints now pending in this Court under the above caption (the "Consolidated Derivative Action"), including the release of the Released Persons, and should be approved; and (2) whether judgment should be entered dismissing the Consolidated Derivative Action on the merits and with prejudice in favor of the Defendants herein. The Court having considered all matters submitted to it at the hearing and otherwise, and it appearing that due and adequate notice having been given by 3D Systems Corporation ("3D Systems" or the "Company") to Current 3D Systems Stockholders substantially in the forms approved by the Court in the Court's Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein, and otherwise being fully informed, and good cause appearing therefor, and all capitalized terms used herein having the meanings set forth and defined in the Stipulation.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT**:

1. This Final Order and Judgment ("Judgment") incorporates herein the Stipulation, including the exhibits thereto.

2. This Court has jurisdiction to enter this Judgment. This Court has jurisdiction over the subject matter of the Consolidated Derivative Action, including all matters necessary to effectuate the Settlement, as well as personal jurisdiction over all Settling Parties.

3. The record shows that Notice has been given to all Current 3D Systems Stockholders in the manner approved by the Court in the Preliminary Approval Order. The Court finds that such Notice: (i) constitutes reasonable and the best notice practicable under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise all Current 3D Systems Stockholders of the pendency of the Consolidated Derivative Action, the terms of the Settlement, and Current 3D Systems Stockholders' right to object to and to appear at the Settlement Hearing held on the 19th day of December, 2019; (iii) constitutes due, adequate, and sufficient notice to all Persons or entities entitled to receive notice in accordance with Rule 23.1(c) of the Federal Rules of Civil Procedure; and (iv) meets the requirements of due process and all other applicable law.

4. In light of the substantial benefits to the Company, the complexity, expense, possible duration of further litigation against the Individual Defendants, and the uncertainty inherent in the continued prosecution of the claims in the Consolidated Derivative Action through trial and any subsequent appeal(s), the Court hereby fully and finally approves the Settlement, pursuant to Rule 23.1(c), as set forth in the Stipulation in all respects, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of 3D Systems and its stockholders. This Court further finds the Settlement set forth in the Stipulation is the result of

arm's-length negotiations between experienced counsel representing the interests of 3D Systems, 3D Systems' stockholders, and the Individual Defendants.

5.  The Settling Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Stipulation.

6.  The Consolidated Derivative Action and all claims contained therein, as well as all of the Released Claims, are dismissed on the merits and with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation and in this Judgment.

7.  The Court finds and concludes that the Settling Parties and their respective counsel, have at all times complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure, and particularly with Rule 11(b) of the Federal Rules of Civil Procedure, in connection with the institution, prosecution, defense, and/or settlement of this Consolidated Derivative Action.

8.  Upon the Effective Date, Plaintiffs (acting on their own behalf and derivatively on behalf of 3D Systems), shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged and dismissed with prejudice the Released Claims (including Unknown Claims) against the Individual Defendants and each and all of the other Released Persons. Plaintiffs are bound by this Judgment including, without limitation, the release of claims as set forth in the Stipulation. The Released Claims are hereby compromised, settled, released, discharged, and dismissed as against the Individual Defendants or any other Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Judgment. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

9.  Upon the Effective Date, the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and

discharged Plaintiffs and Plaintiffs' Counsel from the Released Defendants' Claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Consolidated Derivative Action or the Released Defendants' Claims.

10. Neither this Judgment, the Settlement (whether or not consummated), the Stipulation (including any exhibits attached thereto), nor any of its terms and provisions, nor any negotiations, discussions, or proceedings connected with the Settlement or Stipulation, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be: (a) offered or received against the Released Persons as a presumption, concession, or admission by any of the Released Persons, or evidence of the validity or lack of validity of any Released Claims, or of any fault, wrongdoing, or liability of the Settling Parties or Released Persons; or (b) offered or received against the Released Persons as evidence of a presumption, admission, or evidence of, any liability, fault, or omission of any of the Settling Parties or Released Persons in any civil, criminal, administrative, or other proceeding in any court, administrative agency, tribunal, or other forum. Neither the Stipulation nor the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file or use the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, standing, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

11. The Court hereby approves the Fee and Expense Amount and Service Awards in accordance with the Stipulation.

12. Payment of the Fee and Expense Amount and Service Awards made by the Defendants' insurance carriers, as specified in ¶¶ IV.4.1-IV.4.3 of the Stipulation, shall be immediately releasable upon the entry of this Judgment, notwithstanding the existence of any collateral attacks on the Settlement, the Fee and Expense Amount, and/or the Service Awards, including, without limitation, any objections or appeals, in accordance with the terms and conditions set forth in the Stipulation.

13. Without affecting the finality of this Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Stipulation, the Settlement, and of this Judgment, to protect and effectuate this Judgment, and for any other necessary purpose. Plaintiffs, Defendants, and each 3D Systems stockholder are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding, or dispute arising out of, or relating to, the Settlement or the Stipulation, including the exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Judgment, the Court retains exclusive jurisdiction over any such suit, action, or proceeding.

14. In the event that the Settlement is terminated as provided in the Stipulation or the Effective Date does not occur, this Judgment shall be vacated, and all orders entered, and releases delivered, in connection with the Stipulation and this Judgment shall be null and void, except as otherwise provided for in the Stipulation, and the Settling Parties shall be returned to their respective positions that existed immediately prior to the date of the execution of the Stipulation and as set forth in ¶ IV.6.3 of the Stipulation.

15.     Without further order of the Court, the parties to the Stipulation are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits thereto to effectuate the Settlement that are not materially inconsistent with this Judgment.

16.     There is no just reason for delay in the entry of this Judgment as a final judgment in this Consolidated Derivative Action and immediate entry by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure is expressly directed.

**IT IS SO ORDERED.**

                                              s/Mary Geiger Lewis
                                              MARY GEIGER LEWIS
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 19, 2019